UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIVKA C. STEINBERG,

     Plaintiff,

v.                                     Case No: 2:16-cv-452-FtM-99MRM

LUEDTKE TRUCKING, INC. and
JOHN DOE 1,

     Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Luedtke Trucking, Inc.'s ("Luedtke Trucking") Motion to Dismiss Plaintiff Rivka C. Steinberg's Complaint and/or Motion to Transfer Venue (Doc. #8) filed on August 19, 2016. Steinberg responded in opposition (Doc. #14) on September 6, 2016. This matter is ripe for review.[2]

## BACKGROUND

On June 12, 2015, Steinberg attended the Bonaroo Music Festival ("Bonaroo") in Manchester, Tennessee along with a group of friends. (Doc. #1 at 2). On June 13, 2015, Steinberg and her friends decided to camp at an undisclosed location following Bonaroo's conclusion. *Id.* Accordingly, Steinberg arranged for an undisclosed person to pick her up on the morning of June 14, 2015 and to transport her to her campsite. *Id.* Pursuant

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Defendant has requested oral argument for this matter. (Doc. #9). That said, the Court finds the briefing was adequate, and further arguments are not necessary.

to the arrangement, Steinberg was to meet her transportation at a truck plaza located in Manchester, Tennessee. *Id.*

The night before she was to meet her ride to the camp site, Steinberg and her friends were in an area near the rear of the truck plaza. *Id.* While waiting, Steinberg consumed a beer that had been passed to her by one of her friends, who had previously purchased it at Bonaroo. *Id.* Unbeknownst to Steinberg, an unidentified person had drugged her beer, causing her to lose memory of the events that transpired thereafter. *Id.*

Steinberg awoke the next day in the vicinity of the rear tire of a tractor trailer owned and operated by Luedtke Trucking. *Id.* As the driver of the truck turned the engine on, Steinberg realized that she was in danger of being struck. *Id.* Despite her efforts to move to safety, she was run over as the truck moved forward. *Id.*

Citing the existence of diversity jurisdiction, and alleging that venue is proper because Luedtke Trucking maintains a principal place of business in Naples, Florida, Steinberg subsequently brought the instant action in this Court. *Id.* at 1. Specifically, Steinberg alleges that Luedtke Trucking's actions, or lack thereof, constitute negligence because its driver did not inspect the tractor trailer for potential hazards prior to engaging it, as well as negligence per se because the driver did not inspect the truck prior to use in compliance with 49 C.F.R. § 390 *et seq.* (Doc. #1 at 3). Steinberg further alleges that Defendant John Doe's actions constituted negligence stemming from the placement of the drug into her drink, which she avers caused her to wake up near the tractor trailer tire. *Id.* at 4.

Now, Luedtke Trucking, Inc. moves to dismiss the Complaint, or, in the alternative, to transfer to a more appropriate venue.

## LEGAL STANDARD

When challenged by a motion to dismiss for on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), the plaintiff has the burden of showing that venue is proper in its chosen forum. *Brown v. Brown*, No. 8:06-CV-1028T24GW, 2007 WL 949424, at *2 (M.D. Fla. Mar. 27, 2007). A court considering a motion to dismiss for improper venue must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Dyck-O'Neal, Inc. v. England*, No. 2:15-CV-27-FTM-38DNF, 2015 WL 1911268, at *2 (M.D. Fla. Apr. 27, 2015). That said, when evaluating such a motion, "the court may consider matters outside the pleadings such as affidavit testimony." *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004). Therefore, "to resolve such a motion, the Court accepts all allegations of the complaint as true, unless contradicted by the defendant's evidence, and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff." *Dyck-O'Neal, Inc.*, 2015 WL 1911268, at *2.

## DISCUSSION

In its Motion, Luedtke Trucking argues that because it does not maintain its principal place of business within the Middle District of Florida, and because there is no indication that John Doe lives in this district, Steinberg's Complaint should be dismissed for improper venue, or in the alternative, that the Court transfer venue pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Tennessee, where the incident occurred.

Steinberg responds to Leudtke Trucking's Motion by alleging that the venue allegation contained in the complaint was proper here for multiple reasons. First, Steinberg alleges that despite its filings and representations, Luedtke Trucking maintains its principal place of business within this district in Naples, Florida. Second, Steinberg argues that Doe's residency is a non-factor in determining the propriety of venue in the instant matter. Finally, Steinberg argues that venue is proper because the Fort Myers Division of the Middle District of Florida represents the most convenient forum for all parties to litigate the case.

The plain language of 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a). To that end, Federal Rule of Civil Procedure 12(b)(3) states that a party may move to dismiss a case for "improper venue." Fed. R. Civ. P. 12(b)(3). "These provisions therefore authorize dismissal only when venue is "wrong" or "improper" in the forum in which it was brought." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).

Whether venue is "wrong" or "improper" is, for the purpose of the instant matter, governed by 28 U.S.C. § 1391. That provision states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b).

When the propriety of venue is challenged, the court must determine whether the case falls within one of the three categories set out in 28 U.S.C. § 1391(b). "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 134 S. Ct. at 577.

Questions of a corporation's residence are outlined by the federal statute governing diversity jurisdiction, which states that, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The precise location of the "principal place of business, however, has proved difficult to navigate over the years. This difficulty was resolved in 2010, when the Supreme Court issued its ruling in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). There, the Court found a corporation's principal place of business to lie where "a corporation's officers direct, control, and coordinate the corporation's activities. *Id.* at 92-93. This holding was limited in that, while the principal place of business should normally be where the corporation maintains its headquarters, such a designation will not hold true if such a location is merely "an office where the corporation holds its board meetings[,]" or a "mail drop box, a bare office with a computer, or the location of an annual executive retreat." *Id.* at 93, 95.

The Court in *Hertz* also specifically contemplated the complexity of America's increasingly diverse corporate landscape in relation to the principal place of business analysis. *Id.* at 94-95. And, while it may be common for a corporation to have various operational locations within the United States, the Court placed an emphasis on the

justified expectations of the parties *vis-a-vis* their principal place of business, reasoning that predictability as to a corporation's liability is valuable to corporation, and that upholding those expectations would benefit a plaintiff deciding whether to bring suit in state or federal court. *Id*.

Turning back to the case at hand, Luedtke Trucking argues that venue is improper here because it is incorporated and domiciled in Indiana, and that John Doe is incapable of being identified from Steinberg's Complaint. Because the parties concede that Luedtke Trucking is indeed incorporated in the State of Indiana, the Court needn't inquire further on that front, and this analysis becomes one of Luedtke Trucking's principal place of business.

In its Motion, Luedtke Trucking argues that Steinberg has improperly tied her representations of venue not to Luedtke Trucking's actual principal place of business, but to Luedtke in his individual capacity. Instead, Luedtke Trucking avers that its principal place of business is in Indiana. In making this argument, however, Luedtke Trucking has not included any factual evidence that would contradict the allegations contained in Steinberg's Complaint. As such, at this stage, the Court must take the allegations contained within Plaintiff's Complaint to be true. *Dyck-O'Neal, Inc., 2015 WL 1911268*, at *2. Therefore, Luedtke Trucking's arguments are insufficient for the Court to find that venue is improper.[3]

---

[3] Luedtke Trucking also loosely argues that this Court does not have jurisdiction over this action because Doe's identity has not fully been fleshed out. (Doc. #8 at 5). First, the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1332(a)(1) because the named parties are diverse. It is well established that a John Doe Defendant is not a party until such time as he or she has been served. *Plant v. Doe*, 19 F. Supp. 2d 1316, 1319 (S.D. Fla. 1998). It is similarly settled that the citizenship of John Doe defendants is disregarded for the purposes of determining diversity jurisdiction. *Derungs v. Wal-Mart Stores, Inc.*, 141 F. Supp. 2d 884, 886 n. 3 (S.D. Ohio 2000). Thus, the Court's subject matter jurisdiction stems from the parties that have been served. As such, Steinberg has alleged, and it has not been contradicted, that there is currently complete diversity among the parties. Given that Steinberg resides in

Accordingly, it is now

**ORDERED:**

1. Defendant Luedtke Trucking, Inc.'s Motion to Dismiss Plaintiff's Complaint and/or Motion to Transfer Venue (Doc. #8) is **DENIED**.

2. Defendant's Request for Oral Argument (Doc. #9) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

Michigan, this is true whether or not Luedtke Trucking's principal place of business is in Indiana or Florida. Second, the Court's exercise of personal jurisdiction is proper thus far given that Luedtke Trucking has not argued that the Court does not have personal jurisdiction over it, and that a district court does not have jurisdiction over an unnamed John Doe defendant unless service of process has been executed. *Plant*, 19 F. Supp. 2d at 1319. This does not mean that Steinberg's claims as to Doe must be dismissed, as it has long been acceptable for parties to use unnamed defendants where discovery would likely uncover that individual's identity. *Morris v. Hays SP Warden*, 638 F. App'x 880, 881 (11th Cir. 2016). At this relatively early stage of litigation, Steinberg must have simply included enough information within the Complaint that would be sufficient to identify Doe through the course of discovery. *Id.* As the Court finds no reason that Doe's missing information could not be ascertained through discovery, all jurisdictional requirements are currently satisfied.