UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIVKA C. STEINBERG,

    Plaintiff,

v.                                    Case No: 2:16-cv-452-FtM-99MRM

LUEDTKE TRUCKING, INC. and
JOHN DOE 1,

    Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Defendant Luedtke Trucking, Inc.'s (Luedtke or Defendant) Motion to Dismiss Count 2: Negligence *Per Se* and/or Motion for a More Definite Statement (Doc. #28) filed on October 19, 2016. Plaintiff Rivka C. Steinberg (Steinberg or Plaintiff) filed a response in opposition (Doc. #33) on November 7, 2016. The matter is ripe for review.

### **BACKGROUND**

On June 13, 2016, Steinberg filed a two-count Complaint against Luedtke, claiming that she was severely injured as a result of Luedtke's negligence while operating a commercial vehicle. (Doc. #1). Plaintiff's Complaint asserts two state-law claims for negligence (Count I) and negligence *per se* (Count II). Under Count II, Plaintiff argues that Luedtke's violations of the Federal Motor Carrier Safety Regulations ("FMCSR")

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

constituted negligence *per se*, for which it is liable. Luedtke seeks to dismiss Count II for failure to state a claim upon which relief can be granted, arguing that Plaintiff has not put Defendant on notice of what portions of the FMCSR that Defendant has allegedly breached, and Plaintiff has not established that she is within the class of persons that the FMCSR was designed to protect. Alternatively, Defendant moves for a more definite statement so that it may ascertain these facts.

The facts as set forth in Plaintiff's Complaint, which the Court accepts as true, are as follows: On June 12, 2015, Steinberg attended the Bonaroo Music Festival ("Bonaroo") in Manchester, Tennessee along with a group of friends. (Doc. #1 at 2). On June 13, 2015, Steinberg and her friends decided to camp at an undisclosed location following Bonaroo's conclusion. *Id.* Accordingly, Steinberg arranged for an undisclosed person to pick her up on the morning of June 14, 2015, and to transport her to her campsite. *Id.* Pursuant to the arrangement, Steinberg was to meet her transportation at a truck plaza located in Manchester, Tennessee. *Id.*

The night before she was to meet her ride to the camp site, Steinberg and her friends were in an area near the rear of the truck plaza. *Id.* While waiting, Steinberg consumed a beer that had been passed to her by one of her friends, who had previously purchased it at Bonaroo. *Id.* Unbeknownst to Steinberg, an unidentified person had drugged her beer, causing her to lose memory of the events that transpired thereafter. *Id.*

Steinberg awoke the next day in the vicinity of the rear tire of a tractor trailer owned and operated by Luedtke. *Id.* As the driver of the truck turned the engine on, Steinberg

realized that she was in danger of being struck. *Id.* Despite her efforts to move to safety, she was run over as the truck moved forward and injured. *Id.*

## STANDARD

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). A pleading sufficiently states a claim when it provides grounds for a court's jurisdiction, a short and plain statement of a claim demonstrating entitlement to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a).

Here, the parties have stipulated that Tennessee substantive law applies. (Doc. #29). In this regard, the Eleventh Circuit has found that when a diversity action is filed in a Florida federal district court, the court must look to Florida's conflict-of-laws rules to resolve the dispute. *Judge v. American Motors Corp.*, 908 F.3d 1565, 1567 (11th Cir. 1990). The court noted that conflicts questions in tort cases, such as the present case,

should be resolved with reference to the principles set forth in the Restatement (Second) of Conflicts of Laws. *Id.* When looking to the Restatement, rights and liabilities with respect to tort claims are determined by the laws of the state with the most significant relationship to the occurrence, including where the injury occurred, the place where the conduct causing the injury occurred, the place where the relationship between the parties is centered, and the domicile and place of business/incorporation of the parties. *Id.*

Applying these principles to the present case, the Court agrees that Tennessee substantive law applies as the injury and allegedly negligent conduct which caused the injury occurred in Tennessee.

## DISCUSSION

Under Tennessee law, to recover on a theory of negligence *per se*, an injured plaintiff must show: (1) the defendant violated a law that imposes a duty or prohibits some conduct for the benefit of the public; (2) the plaintiff was within the class of persons intended to benefit from the law; and (3) the defendant's negligence was the proximate cause of the plaintiff's injury. *Wildasin v. Mathes*, 176 F. Supp. 3d 737, 746-47 (M.D. Tenn. 2016) (citing *Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 937 (Tenn. 1994); *Smith v. Owen*, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992)). Some minimum duties are established by statute, such that the "failure to perform a statutory duty is negligence *per se*." *Tennessee Trailways, Inc. v. Ervin*, 438 S.W.2d 733, 735 (Tenn. 1969). *See Hickman v. Jordan*, 87 S.W.3d 496, 499 (Tenn. Ct. App. 2001) (noting that "statutory requirements help to determine the minimum standard of care").

Luedtke first argues that Count II should be dismissed because "Plaintiff has not demonstrated that FMCSR created a statutory standard of care as the FMCSR imposes

both administrative requirements on motor vehicle carriers and also duty, but Plaintiff fails to put this Defendant on notice of what portions of the FMCSR Defendant has allegedly breached so that Defendant can ascertain whether there was a duty that was imposed on it." (Doc. #28 at p. 2). In its response brief, Plaintiff cites specific FMCSR regulations which she alleges that Defendant violated, including 49 C.F.R. §§ 396.3, 396.13, 392.7. (Doc. #33 at pp. 3-4). This is in contrast to Plaintiff's Complaint, wherein she merely cites the entirety of the FMCSR, 49 C.F.R. § 390 *et seq*, as the regulations that Luedtke has allegedly violated. (Doc. #1, ¶18). The Court agrees that the specific regulations should be included in the Complaint in order for Defendant to be on notice of what specifically it will defend against. As it is, even viewing the facts in a light most favorable to Plaintiff, the Complaint does not sufficiently allege that Defendant may be liable for negligence *per se*. Therefore, Count II will be dismissed and Plaintiff will be allowed to re-plead.

Defendant next argues that Plaintiff has failed to establish that she is within the class of persons that the FMCSR was designed to protect. In response, Plaintiff asserts that pedestrians who are struck by commercial trucks are within the class of persons intended to be protected by the FMCSR. As support, Plaintiff cites *Darling v. J.B. Expedited Servs., Inc.*, No. 2:05-cv-17, 2006 WL 2238913 (M.D. Tenn. Aug. 3, 2006). The *Darling* case involved the death of an individual who had made an emergency stop of his car on the shoulder of an interstate highway. *Id.* Although the parties disputed what actually occurred, eyewitnesses testified that Darling stumbled into the lane of highway traffic and was struck by defendant's box truck. *Id.* at *13. The court, citing provisions of the Tennessee Code and the FMCSR, found that the requirement to maintain a proper log book constituted negligence *per se*. *Id.* at *20. While the *Darling*

court did decide that the FMCSR relates to issues of public safety and failure to follow those regulations can constitute negligence *per se*, contrary to Plaintiff's position, *Darling* does not stand for the broad proposition that pedestrians struck by commercial trucks are within the class of persons intended to be protected by the FMCSR. There are numerous provisions of the FMCSR, which is a compendium of rules and regulations of the U.S. Department of Transportation that apply to the motor carrier industry, that do not contemplate pedestrians as the class of persons intended to be protected. Since at this point it is unknown which regulations Plaintiff will plead that Defendant violated, the Court is unable to determine whether Plaintiff is in the class of persons that the specific regulations alleged were enacted to protect. Therefore, Defendant's motion to dismiss in this regard will be denied without prejudice and Defendant may reasserted this argument after Plaintiff has amended her Complaint.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Count 2: Negligence *Per Se* and/or Motion for a More Definite Statement (Doc. #28) is **GRANTED in part and DENIED in part**. Count II of Plaintiff's Complaint (Doc. #1) is dismissed. Defendant's motion for more definite statement is denied.

(2) Plaintiff shall have up to and including **December 13, 2016** to file an amended complaint in accordance with this Order. If Plaintiff fails to file an amended complaint by this date, this case will go forward with Count I and III[2] of the Complaint (Doc. #1) only.

---

[2] Count III is alleged against Defendant John Doe only.

(3) As the parties have stipulated that Tennessee law applies, and the Court agrees, Defendant's Motion to Apply Tennessee Substantive Law (Doc. #26) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of November, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record